**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-23309-BLOOM**

HAU VAN PHAM,

     Petitioner,

v.

TODD LYONS, Acting Director, U.S. Immigration
and Customs Enforcement (ICE); MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; GARRETT RIPA, Field Office
Director, Miami Field Office, Enforcement and
Removal Operations, U.S. ICE,

     Respondents.

_____/

### ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon Petitioner Hau Van Pham's ("Petitioner") Motion

for Temporary Restraining Order ("Motion"), ECF No. [4]. Petitioner requests that the Court issue

a Temporary Restraining Order directing respondents to release Petitioner from ICE custody and

order Respondents not to remove Petitioner from this Court's jurisdiction during the pendency of

this matter. *Id.* at 10. The Court has reviewed the Motion, the record, applicable law, and is

otherwise fully advised.

The Eleventh Circuit has held that "[o]ne inherent characteristic of a temporary restraining

order is that it has the effect of merely preserving the status quo rather than granting most or all of

the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429

(11th Cir. 1982). "Thus, a TRO is—at most—a waystation on the road to a final resolution on the

merits and not the vehicle for such a final adjudication in and of itself." *Vazquez-Rangel v. Horton*,

Case No. 26-cv-302-HDM-JHE, 2026 WL 1123470, at *3 (N.D. Ala. Mar. 12, 2026) (denying

petitioner's motion for temporary restraining order in an immigration habeas case because petitioner "offers the same arguments and seeks the same ultimate relief as his complaint").

On May 12, 2026, the Court issued an Order to Show Cause, which ordered: "to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court." ECF No. [5]. Therefore, Petitioner's request for an order for Respondents not to remove Petitioner from this Court's jurisdiction during the pendency of the matter is moot. Petitioner's remaining request— that Respondents immediately release Petitioner—seeks the ultimate relief sought in the Petition for Writ of Habeas Corpus ("Petition"). *See* ECF No. [1] at 12.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [4]**, is **DENIED**. The Court will address the merits of the Petition by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 29, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record